IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PAMELA HAYNICK                    )
                                  )
                 Plaintiff,       )
                                  )
        v.                        )  Civil Action No. 05-1074
                                  )
JO ANNE B. BARNHART,              )
COMMISSIONER OF                   )
SOCIAL SECURITY,                  )
                                  )
                 Defendant.       )

<u>MEMORANDUM JUDGMENT ORDER</u>

AND NOW, this  _25th_  day of September, 2006, upon due
consideration of the parties' cross-motions for summary judgment
pursuant to plaintiff's request for review of the decision of the
Commissioner of Social Security ("Commissioner") denying
plaintiff's application for supplemental security income under
Title XVI of the Social Security Act ("Act"), IT IS ORDERED that
the Commissioner's motion for summary judgment (Document No. 13)
be, and the same hereby is, granted and plaintiff's motion for
summary judgment (Document No. 11) be, and the same hereby is,
denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an
obligation to weigh all of the facts and evidence of record and
may reject or discount any evidence if the ALJ explains the
reasons for doing so. <u>Plummer v. Apfel</u>, 186 F.3d 422, 429 (3d
Cir. 1999). Importantly, where the ALJ's findings of fact are
supported by substantial evidence, a reviewing court is bound by
those findings, even if it would have decided the factual inquiry
differently. <u>Fargnoli v. Massanari</u>, 247 F.3d 34, 38 (3d Cir.

2001).  These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed her pending application[1] for supplemental security income on May 22, 2003, alleging a disability onset date of May 1, 1998, due to asthma, depression, obesity, diabetes, hypertension, poor vision and kidney problems.  Plaintiff's application was denied initially.  At plaintiff's request an ALJ held a hearing on June 21, 2004, at which plaintiff, represented by counsel, appeared and testified.  On August 26, 2004, the ALJ issued a decision finding that plaintiff is not disabled.  On May 26, 2005, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 38 years old at the time of the ALJ's decision and is classified as a younger person under the regulations.  20 C.F.R. §416.963(c).  Plaintiff has a ninth grade level of formal education which is classified as limited under the regulations. 20 C.F.R. §416.964(b)(3).  Plaintiff has no past relevant work experience and has not engaged in any substantial gainful activity since her alleged onset date.

---

[1]  In addition, plaintiff filed three prior applications for supplemental security income which were denied on December 24, 1996, June 1, 1999, and January 30, 2003.  In his decision, the ALJ did not find good cause for reopening the prior determinations, and the determination that plaintiff was not disabled as of January 30, 2003, is final and binding.  Thus, the relevant time period for purposes of plaintiff's pending application is the period beginning January 31, 2003.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of non-insulin dependent diabetes mellitus, Type II, obesity, peripheral neuropathy, asthma, depression syndrome and urinary incontinence, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to perform a significant range of light work but with certain restrictions recognizing the limiting effects of her impairments. (R. 21). Taking into account these limiting effects, a vocational expert identified numerous categories of jobs which plaintiff can perform based upon her age, education, work experience and residual functional capacity, including ticket taker, mail sorter, registration clerk and coil winder, all at the light exertional level, and mechanical assembler, hand packer, sorter and small parts assembler at the sedentary exertional level. Relying on the vocational expert's testimony, the ALJ found that plaintiff is capable of making an adjustment to numerous jobs existing in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months.   42 U.S.C. §1382c(a)(3)(A).   The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process[2] for determining whether a claimant is under a disability.   20 C.F.R. §416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further.   Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).   Additionally, 20 C.F.R. §416.920a, which deals specifically with the evaluation of mental impairments, must be followed by the Commissioner whenever there is evidence of a mental impairment that allegedly prevents a claimant from working. Plummer, 186 F.2d at 432.

---

[2]   The ALJ must determine in sequence:   (1) whether the claimant currently is engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity.   20 C.F.R. §416.920.   See also Newell, 347 F.3d at 545-46.

Here, plaintiff raises three challenges to the ALJ's findings: (1) the ALJ improperly analyzed the medical evidence and failed to accord the appropriate weight to the opinion of a consulting physician; (2) the ALJ improperly analyzed plaintiff's testimony regarding her pain and limitations; and, (3) the ALJ erred in finding that plaintiff retains the residual functional capacity to perform light work.   The court has considered each of plaintiff's arguments and finds them unpersuasive.

Plaintiff first argues that the ALJ improperly evaluated the medical evidence by discounting an opinion from the consultative examiner, Dr. Villegas, and by failing to mention a report from Dr. Cowag, plaintiff's primary care physician.   Upon review, the court is satisfied that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

Under the regulations, an ALJ is to evaluate every medical opinion received, regardless of its source, and is required to consider numerous factors in deciding the weight each opinion is entitled, including the examining and treatment relationship and the specialization of the medical source along with the opinion's supportability and consistency and any other factors tending to support or contradict the opinion.   20 C.F.R. §416.927(d).

Here, the ALJ adhered to the foregoing standards in evaluating the medical evidence, and, based upon his review of the entire record, including plaintiff's medical records and plaintiff's own testimony and reported daily activities, the ALJ concluded that plaintiff's impairments, while severe, do not

preclude her from performing <u>any</u> substantial gainful activity, but instead limit her to light work with restrictions.

In evaluating the evidence, the ALJ expressly addressed the medical source statement of Dr. Villegas (R. 286-92)[3] and adequately explained why that assessment was given little weight. (R. 19). As the ALJ explained in greater detail in his decision, the objective findings of Dr. Villegas upon examination of plaintiff did not support the degree of limitations he alleged. (<u>Id.</u>). Accordingly, the ALJ gave Dr. Villegas' opinion little weight as it was based primarily upon plaintiff's subjective statements. The court has reviewed the ALJ's decision and the relevant medical records and is satisfied that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

Plaintiff also contends that the ALJ erred in failing to mention Exhibit B-17F, a 7-page exhibit consisting of progress notes from her primary care physician, Dr. Antoine Cowag. (R. 447-454). Although the ALJ did not specifically refer to this exhibit, the court is satisfied that his failure to do so is not reversible error. A review of the ALJ's decision indicates that, with the exception of one exhibit, he referred to all of the other medical evidence of record, including other reports from Dr. Cowag, and he explicitly addressed any relevant evidence contrary

---

[3] In that medical source statement, Dr. Villegas opined that plaintiff's impairments limit her to lifting/carrying no more than 10 pounds occasionally and to standing/walking 1-2 hours in an 8 hour workday and sitting 2 hours in an 8 hour workday. (R. 391).

to his finding of not disabled and explained why he was discounting that evidence.

On the other hand, Dr. Cowag's report contains nothing that would support a finding of disability. Instead, it sets forth essentially normal examination findings. (R. 448-49). In her brief, plaintiff makes no argument that these records would have established disability, but instead merely alleges as error the ALJ's failure to mention them. However, the law of this circuit requires an ALJ to address <u>relevant</u> medical evidence and adequately explain the rationale behind rejecting it. <u>See</u>, <u>e.g.</u>, <u>Burns v. Barnhart</u>, 312 F.3d 113, 129 (3d Cir. 2002). Here, the unmentioned report contains no relevant information that would have supported a finding of disability. Therefore, there is no ground for reversal in the ALJ's failure to cite to it.

Likewise, the court finds that the ALJ properly evaluated plaintiff's subjective complaints of pain and limitations in accordance with the regulations.[4] In assessing plaintiff's credibility, the ALJ considered plaintiff's subjective complaints, but <u>also</u> considered those complaints in light of the medical evidence, plaintiff's treatment history and all of the other evidence of record. In doing so, the ALJ concluded that plaintiff's subjective complaints of totally disabling pain and

---

[4] Allegations of pain and other subjective symptoms must be supported by objective medical evidence, 20 C.F.R. §416.929(c), and an ALJ may reject a claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. <u>Schaudeck v. Commissioner of Social Security</u>, 181 F.3d 429, 433 (3d Cir. 1999); <u>see</u> <u>also</u> SSR 96-7p.

limitations are inconsistent with both her self-reported activities of daily living as well as with the clinical and objective medical findings of record. (R. 18). In making this finding the ALJ adhered to the standards set forth in 20 C.F.R. §416.929(c) and SSR 96-7p and adequately explained the basis for his credibility determination in his decision.

The record supports the ALJ's credibility determination. First, both the state agency reviewing physician, Dr. Kar, and the state agency reviewing psychologist, Dr. Heil, opined that plaintiff's subjective complaints were not credible and only partially credible, respectively. (R. 412; 405). Moreover, as the Commissioner sets out in her brief, the record contains multiple inconsistencies in plaintiff's subjective complaints between her various daily activities questionnaires and her testimony at the hearing casting doubt upon her overall credibility. And, as the ALJ explained, plaintiff's subjective complaints of debilitating pain are inconsistent with the objective medical findings of record. As a result, substantial evidence in the record supports the ALJ's credibility finding.

Finally, plaintiff contends that the ALJ's finding that plaintiff retains the residual functional capacity to engage in light work with restrictions is not supported by substantial evidence. However, in determining plaintiff's residual functional capacity, the ALJ considered not only plaintiff's reports of her activities of daily living, but also considered plaintiff's allegations in light of the medical evidence, her treatment

history and all of the other evidence of record, and he properly incorporated into his residual functional capacity finding only those limitations supported by the entire record.

Moreover, as already discussed, any additional limitations now suggested by Dr. Villegas or by plaintiff herself are not supported by the objective findings of record and properly were not included by the ALJ in his residual functional capacity finding.   Upon review, the court is satisfied that the ALJ's residual functional capacity assessment is supported by substantial evidence in the record.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act.   The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.


_Gustave Diamond_
Gustave Diamond
United States District Judge


cc:   Barbara J. Artuso, Esq.
      Quatrini, Rafferty & Galloway
      550 East Pittsburgh, Street
      Greensburg, PA 15601

      Jessica Smolar
      Assistant U.S. Attorney
      700 Grant Street
      Suite 4000
      Pittsburgh, PA 15219

✎AO 72
(Rev. 8/82)